UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Leroy Ferrell, #105592, ) | C/A No. 9:10-1223-CMC-BM |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | REPORT AND RECOMMENDATION |
| ) | |
| Warden of Lieber Correctional Institution, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

The petitioner, proceeding *pro se*, brings this action pursuant to 28 U.S.C. § 2241 for habeas relief. Petitioner is an inmate at the Lieber Correctional Institution, a facility of the South Carolina Department of Corrections (SCDC), and files this action *in forma pauperis* under 28 U.S.C. § 1915. Petitioner alleges that his 1981 South Carolina state court conviction and sentence were obtained in violation of his United States constitutional rights.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition filed in the above-captioned case pursuant to the procedural provisions of 28 U.S.C. § 1915, the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to



1

allow the development of a potentially meritorious case. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978).

However, even when considered under this less stringent standard, the petition submitted in the above-captioned case is still subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).

Background

This court gleans the following facts from Petitioner's typed 164-page habeas petition filed pursuant to § 2241(c)(3). Petitioner was tried by a jury in a South Carolina state court and convicted on February 26, 1981, on the charges of kidnaping, entering a bank with intent to steal, armed robbery, assault with intent to kill, and criminal conspiracy. Petitioner was sentenced to life in prison. The South Carolina Department of Corrections website reveals that Petitioner was convicted in the Dorchester County Court of General Sessions. *See* South Carolina Department of Corrections Homepage, http://www.doc.sc.gov/institutions/ (follow "research," then follow "SCDC Inmate Search," then "Search for Incarcerated Inmate," using the SCDC ID number 105592) (last visited June 17, 2010).[1] Petitioner does not mention whether he filed a direct appeal. However, Petitioner did file five applications for post-conviction relief ("PCR") in the state courts from his first one filed in 1982 until his fifth one filed in 2008. Petitioner alleges that in each of his post-

---

[1] The court may take judicial notice of factual information located in postings on government websites. *See In re Katrina Canal Breaches Consolidated Litigation*, No. 05-4182, 2008 WL 4185869 at * 2 (E.D. La. September 8, 2008) (noting that courts may take judicial notice of governmental websites including other courts' records); *Williams v. Long*, No. 07-3459-PWG, 2008 WL 4848362 at *7 (D. Md. November 7, 2008) (noting that some courts have found postings on government websites as inherently authentic or self-authenticating).



conviction relief actions he received appointed counsel to represent him, and alleges that each of those five attorneys provided ineffective assistance of counsel. Petitioner also alleges a variety of ways that his due process and other constitutional rights were violated during the state court criminal and PCR proceedings. Liberally construed, Petitioner requests that this court order his release from prison and to vacate his 1981 state court conviction and sentence.

In addition to his state court filings, it appears that Petitioner has filed two previous habeas corpus petitions in this court pursuant to 28 U.S.C. § 2254.[2] On March 6, 1986, he filed case number 3:86-562-SB-CWG, *Ferrell v. Leeke*. On October 5, 1999, he filed case number 0:99-3280-DWS-BM, *Ferrell v. State*. In the Report and Recommendation entered on April 6, 2000 in *Ferrell v. State*, C/A No. 0:99-3280-DWS-BM (the second § 2254 action), this court explained that Petitioner's first § 2254 petition was decided on the merits and dismissed on June 2, 1989. *Id.* at Docket Entry # 7. After Petitioner filed a notice of intent to appeal in his first § 2254 action, the Fourth Circuit Court of Appeals denied and dismissed the appeal on September 21, 1990. *Id.* Petitioner's second § 2254 petition was dismissed as successive because Petitioner had not obtained leave from the Fourth Circuit Court of Appeals to file it. *Id.* at Docket Entry # 8.

Discussion

A review of Petitioner's 164-page habeas corpus petition reveals that it should have been entitled as pursuant to 28 U.S.C. § 2254. That statute squarely applies because Petitioner is in custody pursuant to a state court judgment and he alleges that his United States constitutional rights

---

[2] It is appropriate for this District Court to take judicial notice of the petitioner's prior cases. *See Aloe Creme Lab., Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970) (noting that the District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time). *See also Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

3



were violated. *See* Title 28 U.S.C. § 2254(a). Because Petitioner had already filed two prior § 2254 petitions, presumably Petitioner hoped that by entitling his petition as pursuant to § 2241(c)(3) he would avoid the statutory requirement to seek leave from the Court of Appeals to authorize this district court to consider his successive petition. However, because Petitioner is in custody pursuant to the judgment of a state court, he cannot evade the procedural requirements of 28 U.S.C. § 2254 by filing an action purporting to be a § 2241 petition. *Thomas v. Crosby*, 371 F.3d 782, 787 (11th Cir. 2004). Section 2254 applies to a subset of those to whom § 2241(c)(3) applies, that is, "'a person in custody *pursuant to the judgment of a state court*' who is 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Id.* at 786 (quoting 28 U.S.C. § 2254(a) (emphasis added)). If a person is in state custody pursuant to something other than a state court judgment, for example a state pre-trial bond order, then his habeas petition is not governed by § 2254. *Id.* at 787. If this were not the case, then "a state prisoner could simply opt out of its [2254] operation by choosing a different label for his petition." *Id.* (citing *Medberry v. Crosby*, 351 F.3d 1049 (11th Cir. 2003)). *Cf. Wade v. Robinson*, 327 F.3d 328, 331 (4th Cir. 2003) (2244(d)(1), the one year statute of limitations, "applies to claims challenging any aspect of custody, so long as the petitioner is in custody pursuant to a state court judgment"). Hence, Petitioner cannot thwart Congress' statutory rules governing habeas petitions by selecting a label for his habeas petition.

In order for this court to consider a second or successive § 2254 petition, Petitioner must obtain a Pre-Filing Authorization from the United States Court of Appeals for the Fourth Circuit under 28 U.S.C. § 2244(b)(3). *See In re: Williams*, 330 F. 3d 277 (4th Cir. 2003); *In re: Fowlkes*, 326 F. 3d 542 (4th Cir. 2003). Petitioner may obtain the necessary forms from the Clerk's

4



Office of the United States Court of Appeals for the Fourth Circuit.[3]  However, because it appears that Petitioner did not obtain authorization from the Fourth Circuit Court of Appeals to file the within petition in the district court, this court at present does not have jurisdiction to consider it. *Cf. United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003); *In re Williams*, 444 F.3d 233, 237 (4th Cir. 2006).

Recommendation

Accordingly, it is recommended that the Court dismiss the petition in the above-captioned case *without prejudice* and without issuance and service of process.  *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and Rule 4 and 1(b) of the Rules Governing § 2254 Cases ([i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner).

*The petitioner's attention is directed to the important notice on the next page.*

_____
Bristow Marchant
United States Magistrate Judge

June 28, 2010
Charleston, South Carolina

---

[3] Patricia S. Conner, Clerk, U.S. Court of Appeals for the Fourth Circuit, 1100 East Main Street, Suite 501, Richmond, VA, 23219-3517.



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

