IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Leroy Ferrell, #105592, | ) | C/A NO. 9:10-1223-CMC-BM |
| | ) | |
| Petitioner, | ) | |
| | ) | **OPINION and ORDER** |
| v. | ) | |
| | ) | |
| Warden of Lieber Correction Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter is before the court on Petitioner's *pro se* application for writ of habeas corpus, filed in this court pursuant to 28 U.S.C. § 2241.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(c), DSC, this matter was referred to United States Magistrate Judge Bristow Marchant for pre-trial proceedings and a Report and Recommendation ("Report"). On June 28, 2010, the Magistrate Judge issued a Report recommending that this matter be dismissed without prejudice and without issuance and service of process. The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Petitioner filed timely objections to the Report on August 9, 2010.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

After reviewing the record of this matter, the applicable law, the Report and Recommendation of the Magistrate Judge, and Petitioner's objections, the court agrees with the conclusion of the Magistrate Judge that this matter should be dismissed without prejudice. Accordingly, the court adopts and incorporates by reference the Report.

Petitioner contends that a § 2241 petition is the proper vehicle for his allegations. *See generally* Objections (Dkt. #24, filed Aug. 9, 2010). The habeas corpus provision found in 28 U.S.C. § 2241 is generally used for complaints related to parole matters, sentence computations, prison transfers, and various prison disciplinary matters.[1] Petitioner argues here that because he purportedly suffered ineffective assistance of counsel at his Post-Conviction Relief (PCR) hearing, he was not given a "fair bite of the apple," Obj. at 2, and he has consequently suffered a Due Process violation. Petitioner essentially contends this alleged infirmity in his PCR proceedings implicates the validity of his conviction and continued incarceration.

This alleged constitutional violation, if cognizable in a habeas petition, would more properly be asserted in a § 2254 petition.[2] However, for a variety of reasons as noted by the Magistrate

---

[1] The court recognizes that, where a state inmate is challenging the *execution* of his state court sentence, circuit courts are split on whether 28 U.S.C. § 2241 or § 2254 is the proper statute under which a state inmate should proceed. *See Gregory v. Coleman*, 218 Fed. Appx. 266 (4th Cir. 2007), noting circuit split and comparing *White v. Lambert*, 370 F.3d 1002, 1005 (9th Cir. 2004) ("adopt[ing] majority view that 28 U.S.C. § 2254 is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment, even when the petitioner is not challenging his underlying state court conviction"), with *Hamm v. Saffle*, 300 F.3d 1213, 1216 (10th Cir. 2002) (approving of inmates proceeding under § 2241 to challenge execution of state court sentence).

[2] Ineffective assistance of PCR counsel is not a ground for federal habeas relief. *Coleman v. Thompson*, 501 U.S. 722 (1991); 28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254."). Furthermore, alleged procedural errors in a state PCR proceeding are also not grounds for federal habeas relief. *Wright v. Angelone*, 151 F.3d 151, 159 (4th Cir. 1998) ("a challenge to Virginia's state habeas corpus proceedings cannot provide a basis for federal habeas relief") ( citing *Bryant v. Maryland*, 848 F.2d 492, 493 (4th Cir. 1988)).

Judge, a § 2254 petition would be successive in nature. This court would, accordingly, be without jurisdiction to consider it as it does not appear that Petitioner has made application to the Fourth Circuit Court of Appeals to file such a petition.

For these reasons, therefore, the petition is dismissed without prejudice and without requiring Respondent to file a return.[3]

**IT IS SO ORDERED**.

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
August 13, 2010

C:\Documents and Settings\Guest\Local Settings\Temp\notesFFF692\10-1223 Ferrell v. Warden adopt rr dism wo prej wo svc.wpd

---

[3]To the extent this petition is construed to be a petition under § 2254, the governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.